UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS C. STRONG,

      Plaintiff,

v.              Case No. 21-cv-1236-pp

STATE OF WISCONSIN, *et al.*

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

  Plaintiff Dennis C. Strong, who was incarcerated at the Fox Lake Correctional Institution at the time he filed his complaint and is representing himself, filed a complaint under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. Under the Prison Litigation Reform Act (PLRA), an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Strikes include any lawsuit dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)).

  Court records show that the plaintiff has accumulated three strikes: (1) Strong v. Wis. Dep't of Corrs., *et al.*, Case No. 17-cv-967-NJ (E.D. Wis.),

1

dismissed on March 22, 2018 for failure to state a claim; (2) Strong v. Wis. State Public Defender, *et al.*, Case No. 17-cv-1714-PP (E.D. Wis.), dismissed on July 25, 2018 for failure to state a claim; and (3) Strong v. Thompson, Case No. 17-cv-981-JPS (E.D. Wis.), dismissed on March 28, 2018 for failure to state a claim. Because the plaintiff previously has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, the court must deny his motion for leave to proceed without prepaying the filing fee unless he is under imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he files the complaint, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger. Id. at 330 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). Generally, courts "deny leave to proceed [without prepaying filing fee] when a prisoner's claims of imminent danger are conclusory or ridiculous." Id. at 331 (citing Heimerman, 337 F.3d at 782).

The complaint alleges that the defendants conspired to steal and/or destroy two of the plaintiff's thumb drives. Dkt. No. 1 at 7. It alleges that before the plaintiff's August 4, 2021 transfer from Dodge Correctional Institution to Fox Lake Correctional Institution, he had eleven thumb drives and when he arrived at Fox Lake, he had only nine. Id. at 6-7. These allegations do not meet the imminent danger requirement. The court will deny the plaintiff's motion for leave to proceed without prepaying the filing fee.

If the plaintiff wants to proceed with this case, he must pay the full civil filing fee of $402 (the sum of the $350 filing fee and the $52 administrative fee) by the deadline set below. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Circuit Rule 3(b). The court will dismiss this case if the plaintiff does not pay the full filing fee by the end of the day on **June 3, 2022**. This means that the plaintiff must pay the fee in time for the court to *receive* it by the end of the day on June 3, 2022. If the court receives the full filing fee by the end of the day on June 3, 2022, the court will screen the complaint under 28 U.S.C. §1915A.

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must send to the Clerk of Court the sum of $402 as the full filing fee in this case by the end of the day on **June 3, 2022**. The payment must clearly identify the case name and number assigned to this case. The court **ORDERS** that if the court has not received the full filing fee by the end of the day on June 3, 2022, it will dismiss the case for the plaintiff's failure to comply with this order.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**